NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0831n.06

No. 14-5079

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Nov 03, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| PATRICIA ELLEN BOWEN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| SOCIAL SECURITY ADMINISTRATION, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE: SILER, SUTTON, and McKEAGUE, Circuit Judges.

PER CURIAM. Patricia Ellen Bowen appeals the district court's judgment affirming the denial of her application for disability insurance benefits.

In 2009, Bowen filed an application for disability insurance benefits, alleging that she became disabled on May 10, 2005. After the Social Security Administration denied the application, Bowen requested a hearing before an administrative law judge (ALJ). The ALJ denied Bowen relief, and the Appeals Council declined to review the case. The district court affirmed the denial of Bowen's application.

On appeal, Bowen raises three arguments: (1) the ALJ erred by discounting the medical opinion of her treating physician; (2) the ALJ erred by concluding that her testimony was not fully credible; and (3) the ALJ erred by concluding that she retained the residual functional capacity (RFC) to perform light work. "Our review of the ALJ's decision is limited to whether

the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "The substantial-evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id.* at 406 (internal quotation marks omitted). "We give de novo review to the district court's conclusions on each issue." *Id.*

Bowen first argues that the ALJ erred by discounting the medical opinion of her treating physician, Dr. Denise Dingle, that Bowen had significant work-related physical impairments. A medical opinion from a treating source must be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). If not given controlling weight, the ALJ must weigh the treating source's opinion based on the nature of the treatment relationship, the specialization of the medical source, and the consistency and supportability of the opinion. *Id.*

Substantial evidence supported the ALJ's decision to discount Dr. Dingle's medical opinion. Dingle made her assessment of Bowen's physical limitations nearly two years after the period relevant to the disability determination, and she failed to specifically identify when the alleged limitations began and the extent to which the limitations were present during the relevant period. In addition, Dingle's conclusion that Bowen had significant physical limitations conflicted with her treatment notes and the other medical evidence in the record, which generally demonstrated that Bowen's physical condition was stable and that she was not suffering from debilitating physical impairments.

Bowen next argues that the ALJ erred by concluding that her testimony concerning the extent of her impairments was not fully credible. We accord great weight and deference to an

ALJ's credibility finding, but such a finding must be supported by substantial evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). The ALJ could reasonably discount Bowen's testimony that she had severe physical impairments, given the lack of supporting medical evidence, the evidence that she engaged in significant activities of daily living, and the fact that she refused to comply with the advice of her physician to wear a compression garment as an important part of her treatment. Thus, the ALJ's credibility determination was supported by substantial evidence.

Finally, Bowen argues that the ALJ erred by concluding that she retained the exertional capacity to perform light work. Given that Bowen performed light or medium work until the alleged onset date of disability and that there is no credible medical evidence or testimony showing that she subsequently developed limitations precluding light work, substantial evidence supported the ALJ's RFC determination.

Accordingly, we affirm the district court's judgment.